IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BENA V. SIMON and GEORGE V.
SIMON,

            Plaintiffs,

  v.

ELSIE AMAECHI,

            Defendant.

1:17-cv-0538-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Elsie Amaechi's ("Defendant") Objections [7, 8][1] to Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia. Also before the Court is Plaintiff Bena V. Simon's and George V. Simon's ("Plaintiffs") Motion to Remand [6].

---

[1] On February 27, 2017, Defendant filed a Motion for Extension of Time [5] to file objections to the R&R. In light of Defendant's *pro se* status, Defendant's Motion for Extension of Time [5] to file objections is granted *nunc pro tunc*.

## I.     BACKGROUND

Defendant, proceeding *pro se*, has a lengthy litigation history involving attempts to delay foreclosure and dispossessory actions on other properties.[2]

On February 2, 2017, Plaintiffs initiated a dispossessory proceeding against Defendant in the Magistrate Court of Gwinnett County, Georgia.  (See [1.1] at 6). The Complaint asserts that Defendant is a tenant at sufferance following a

---

[2]     In addition, Defendant repeatedly failed to respond or otherwise comply with the Court's orders in those cases.  See Amaechi v. Select Portfolio Serv., Inc., et al., No. 1:12-cv-715 (dismissed for failure to state a claim against defendants and denying request for equitable relief; the Court specifically found that "[Amaechi's] litigation behavior demonstrates that [Amaechi] does not intend to pursue a claim she believes to be meritorious" and that Amaechi's "actions constitute[d] an abuse of the litigation process"); Amaechi v. Bank One N.A., et al., No. 1:02-cv-1211 (dismissed for failure to effectuate service of process; Plaintiff failed to respond to Court's order to show cause why action should not be dismissed for failure to effectuate service of process); Amaechi v. Bankers Trust Co., et al., 1:02-cv-2028 (dismissed for failure to comply with Court's order; Court directed Plaintiff to show cause why case should not be dismissed for failure to effectuate service of process, and Plaintiff failed to did not serve defendants or otherwise respond to order); ABN-AMRO Mortg. Group, Inc. v. Ebnezer U. Ogbonna and Elsie Amaechi, 1:04-cv-1625 (where Plaintiff attempted to remove dispossessory action to this Court, remanding action to state court); Elsie Amaechi v. ABN-AMRO Mortgage Group, Inc., 1:04-cv-1856 (dismissing for failure to obey lawful order of the Court and failure to update Plaintiff's mailing address); Elsie Amaechi v. ABN-AMRO Mortgage Group, Inc., 1:04-cv-2478 (same); Odims v. Amaechi, 1:07-cv-0705 (dismissing attempted removal of dispossessory action to this Court).

foreclosure sale of the Property and seeks possession of premises currently occupied by Defendant.[3]

On February 13, 2017, Defendant filed her Dispossessory Answer in state court and asserted a counterclaim against Plaintiffs for "wrongfully file [sic] desposery [sic]," failure to repair requested repairs, fraud, harassment, and discrimination.  (See [1.1] at 7).  Defendant, apparently in response to Plaintiffs' Complaint, also filed a document in state court asserting that she made substantial improvements to the Property[4] after discovering that the Property "need[ed] lots of repairs," (see [1.1] at 3), that she informed Plaintiffs of the Property "damages and repairs" but they never "did a single repair[] . . . or [pay] the bank" and continued to "collect[] [her] money," that she intended to buy the Property through a lease-to-own agreement, and that she helped Plaintiffs "stop the foreclosure" by hiring an attorney and by paying court fees to avoid foreclosure, but that Plaintiffs acted in "bad faith" and the Property was now in foreclosure.  (Id. at 3-4).

On February 13, 2017, Defendant removed the Gwinnett County Action to this Court by filing her Notice of Removal and an application to proceed *in forma*

---

[3] No. 17 M 03628.
[4] Defendant allegedly replaced the carpet, painted, put in a dishwasher, repaired leaks, and "did so much in the house to make it leavable [sic]."  (See [1.1] at 3).

*pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action.  Defendant does not claim removal under 28 U.S.C. § 1443 or assert any violations of her federal civil rights.  Defendant instead appears to assert counterclaims against Plaintiffs for not "do[ing] any repairs" to the Property, fraud, and harassment.  (<u>See</u> Notice of Removal [1.1] at 1-2).

On February 14, 2017, Magistrate Judge Anand granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Gwinnett County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in

controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On February 27, 2017, Plaintiffs filed a Motion to Remand to State Court.

On March 14, 2017, Defendant filed her "Motion for Interlockutory [sic] Injunction" [7] and "Answer to Written Objection" [8], which the Court construes as her Objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objections are largely incomprehensible, frivolous and conclusory.  In them, Defendant reasserts generally that she has "spent lots of money in repairing" the Property, that she "owe[d] no money when dispossession [sic] was filed against [her]," and that the Court has "probable jurisdiction in this case."  (See [7] at 1; see also [8] at 1-2).  Even though Defendant's "objections" to the R&R are doubtfully sufficiently specific, the Court, in its discretion, nevertheless conducts a *de novo* review of the record.

B.   Analysis

Defendant does not object to the Magistrate Judge's recommendation that this case be remanded to state court because the record is clear that the Court lacks subject-matter jurisdiction over this dispossessory action.  The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

6

removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Based on the Court's review of Plaintiffs' Complaint, Defendant's Dispossessory Answer, along with Defendant's claims in her Notice of Removal and her filings in state court, it is clear that Plaintiffs' state court Complaint asserts a dispossessory action and does not allege federal law claims. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Harvard Place Apts. c/o Ventron Mgmt. v. Caldwell, No: 1:15-cv-2808-TWT, 2015 WL 6449295, at *2 (N.D. Ga. Oct. 23, 2015) (citing Anderson, 539 U.S. at 6) ("Here, [Defendant] attached . . . a copy of

7

the Dispossessory Warrant from the Magistrate Court . . . alleging a violation of a lease agreement, and a copy of her Answer where she indicates her landlord . . . 'failed to repair the property.' Under the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings contain a federal question."). Removal is not proper based on federal question jurisdiction.[5]

The record also does not show that Plaintiffs and Defendant are citizens of different states, and, even if they are, there is no evidence to support that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006)

---

[5] To the extent Defendant appears to assert in her Notice of Removal that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act. See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

(quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").[6]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

---

[6] Magistrate Judge Anand also found that removal was procedurally defective because Defendant, a citizen of Georgia, cannot remove to federal court an action brought against her in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

jurisdiction, the case shall be remanded.").[7]

Because the Court adopts the R&R and dismisses this action for lack of subject matter jurisdiction, Plaintiffs' Motion to Remand [6] is denied as moot.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time [5] to file objections to the R&R is **GRANTED *NUNC PRO TUNC***.

**IT IS FURTHER ORDERED** that Defendant's Objections [7, 8] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

---

[7]   Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.  To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [6] is **DENIED AS MOOT**.

**SO ORDERED** this 27th day of March, 2017.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE